## JONES v. FERGUSON LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1926.)

No. 7286.

Mortgages ⬅116—Mortgage securing notes and advances held to secure open account in addition to notes enumerated.

Holding of bankruptcy court affirmed that a mortgage by bankrupt securing notes and also "all other moneys, advances, goods * * * furnished by the party of the second part to the party of the first part up to the foreclosure of this instrument" secured an open account for advances subsequently made by mortgagee.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

In the matter of the Yellow Pine Lumber Company, bankrupt. Raymond Jones, trustee, appeals from an order allowing the claim of the Ferguson Lumber Company as a secured claim. Affirmed.

Rogers, Barber & Henry, of Little Rock, Ark., for appellant.

Kirby & Hays, of Little Rock, Ark., for appellee.

Before LEWIS and KENYON, Circuit Judges, and KENNAMER, District Judge.

PER CURIAM. This is an appeal by the trustee in bankruptcy from an order allowing all of appellee's claim as a secured claim.

The Yellow Pine Lumber Company, a corporation engaged in the manufacture and sale of lumber at Little Rock, Ark., went into voluntary bankruptcy in September, 1924. Appellee was a creditor of the bankrupt and presented for allowance its verified claims as secured by a mortgage given by the bankrupt on December 29, 1923. Prior to the giving of the mortgage the bankrupt executed and delivered to appellee a bill of sale of all of its property, which was placed of record. The bill of sale, however, was evidently intended as security for an indebtedness which bankrupt was about to incur to appellee. Afterward and on December 29th the bankrupt gave appellee a mortgage on all of its property, which contained this provision:

"To have and to hold the same unto the party of the second part, its successors and assigns, forever, conditioned, however, as follows: Whereas, the said party of the first part is indebted to the party of the second part in the sum of seven thousand ($7,000) dollars, three thousand ($3,000) dollars of which has already been advanced and received, and the remainder is to be advanced according to the agreement already made, the said sum being payable as follows, to wit: Two notes dated December 12, 1923, for one thousand ($1,000) dollars each, bearing 7 per cent. interest from date until paid, payable to the order of the W. T. Ferguson Lumber Company, on or before, one June 1, 1924, and the other July 1, 1924; one note for one thousand ($1,000) dollars dated the 20th day of December, 1923, at the same rate of interest, payable on the 1st day of August, 1924; the notes for the remainder of the amount to be advanced to be executed on the day the money is advanced or received, and payable to the order of said W. T. Ferguson Lumber Company, one on the first of each

month after said August 1, 1924; and for all other moneys, advances, goods, wares, merchandise, supplies, services, etc., furnished by the party of the second part to the party of the first part, up to the foreclosure of this instrument, with interest at the rate of 7 per cent. per annum from date of furnishing until paid. In the event any default shall be made in any of the payments, either principal or interest, as above set out, or in the execution or payment of the notes for the remainder of advancement, then all shall become due and payable at once."

At the time of bankruptcy appellee held nine of the bankrupt's notes, aggregating $10,000, all executed after the bill of sale was given. The referee held that the mortgage secured only the $10,000 represented by the bankrupt's notes and allowed that part of its claim as a secured claim. The remaining $11,047.57 was allowed as a general claim unsecured. On exceptions to this order and certification the District Judge allowed the whole claim of appellee as secured by the mortgage. From this order the trustee has appealed.

The issue presented is one of fact only. There is no denial of the indebtedness to the amount claimed, and the clause in the mortgage is broad enough to include all of bankrupt's indebtedness to appellee. The $11,047.57 of that claim was for balance due to appellee resulting from an arrangement between the parties by which appellee should sell all of the output at bankrupt's mill on a stated commission. When a carload of lumber was shipped out, the bankrupt would draw on appellee at St. Louis, where it maintained its office, for its estimate of the value of the lumber shipped. These estimates proved to be excessive and made up the balance of the account in appellee's favor. It is contended by the trustee that the open account was not secured by the mortgage, and by appellee that it was. Conceding that the question is a debatable one, we cannot say that the bankruptcy court was clearly wrong in its conclusion and that it made a plain mistake in weighing the testimony. That opposite conclusions may be arrived at on the facts presented is demonstrated by the findings of the District Judge in opposition to those made by the referee. Under the circumstances we think it our duty to accept the judgment of the bankruptcy court. We recognize the advantage of ultimately estimating the situation by those who are on the ground.

Affirmed.